UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

LATIN EVENTS LLC

Plaintiff,

Civil Case No.:

-against-

**COMPLAINT**

JUNTA CENTRAL ELECTORAL DE LA REPUBLICA DOMINICANA,

Defendant,

---------------------------------------------------------------X

Plaintiff, LATIN EVENTS LLC by their attorneys, The Siegel Law Firm, P.C. as and for their complaint state as follows:

**THE PARTIES**

1. At all times mentioned herein, Plaintiff LATIN EVENTS LLC ("Latin Events" or "Plaintiff") was and is a domestic Limited Liability Company with its principal place of business located at 4211 Broadway, Suite 110B, New York, NY 10034.

2. At all times mentioned herein, Defendant JUNTA CENTRAL ELECTORAL DE LA REPUBLICA DOMINICANA ("Defendant") is an agency or instrumentality of the Dominican Republic.

3. Defendant is an autonomous body with legal personality and technical, administrative, budgetary, and financial independence. Its main purpose is to organize and direct electoral assemblies for the holding of elections and the mechanisms for popular participation.

4. Defendant is the body mandated by the constitution of the Dominican Republic to organize and conduct elections.

5. Upon information and belief, Defendant's principal offices are located in Santo Domingo, Dominican Republic, but maintain an office in the United States located at 1501 Broadway, Suite 410, New York, NY 10036.

## JURISDICTION AND VENUE

6. Subject to existing international agreements to which the United States is a party, the Foreign Sovereign Immunities Act ("FSIA") provides an exception to the general immunity from suit granted to foreign states under 28 U.S.C. §1604 where an action is based upon a commercial activity carried on in the United States by the foreign state, such as those presented in this case. 28 U.S.C. §1605(a)(2). This exception to the FSIA applies here, and thus the Defendant is not immune from suit in the Court.

7. This Court has subject matter and personal jurisdiction over the Defendant under 28 U.S.C. §1330, because the Defendant is not entitled to immunity under 28 US.C. § 1605.

8. Defendant is subject to liability in this Court, pursuant to 28 U.S.C. §1605(a)(2), as this action is based upon a commercial activity carried on in the United States by Defendant.

9. Defendant is an agency or instrumentality of a foreign state within the meaning of 28 U.S.C. § 1603(b).

10. Defendant engaged in commercial activity in the United States when it entered into an agreement with Plaintiff for promotional events, lunches, and advertising, as more fully set forth below.

11. Venue is proper in this district under 28 U.S.C. § 1391(f)(1), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

12. On or about October 30, 2023, Plaintiff and Defendant entered into a contract (the "Agreement") whereby Plaintiff agreed to produce a three (3) day event known as the series "Titanes del Caribe", consisting of three (3) baseball games between the Aguilas Cibaenas and Tigres del Licey baseball teams to be held at Citi Field on Friday, November 10, 2023, Saturday, November 11, 2023, and Sunday, November 12, 2023 (collectively the "Baseball Events").

13. Pursuant to the terms of the parties' Agreement, Defendant agreed to purchase from Plaintiff a total of 15,000 printed tickets for the Baseball Events, which it would give away as part of its voter registration campaign to incentivize Dominican residents of New York and neighboring states to register to vote, for a total purchase price of $600,000.

14. The parties' Agreement further provides that Defendant agreed to purchase from Plaintiff, lunch meals at the four La Casa del mofongo restaurants in New York and New Jersey for a total cost of $200,000.

15. The parties' Agreement further sets forth that Defendant agreed to purchase from Plaintiff radio and television publicity in New York, on La Mega, Amor, Telemicro and online web publicity for a total cost of $200,000.

16. The total amount that Defendant agreed to pay to Plaintiff pursuant to the Agreement was the sum of $1,000,000.

17. Under the parties' Agreement, Defendant acknowledged receipt of the baseball tickets and assumed all risk of loss, theft or damage to the tickets.

18. Plaintiff complied with all of its obligations pursuant to the terms of the Agreement.

19. Despite the clear and unambiguous terms of the Agreement, Defendant breached the Agreement by failing to fully satisfy their obligations under the Agreement, namely failing, refusing, or otherwise neglecting to pay to Plaintiff the full sum owed of $1,000,000, and maintaining an outstanding balance of $838,000.00, plus statutory interest.

20. The Agreement was executed on behalf of Defendant by Yinet Nunez ("Nunez"). Nunez reports to Well Sepulveda ("Sepulveda"), who is the Director of Voting Abroad for Defendant.

21. Prior to, and after execution of the Agreement, Sepulveda assured and promised

Plaintiff that Plaintiff would be paid the full amount for their goods and services that were the subject of the Agreement.

22. Following non-payment by Defendant to Plaintiff, Sepulveda took actions in contravention of the Agreement in an effort to delay or prevent Plaintiff from being paid the full amount due under the Agreement. Such acts include, but are not limited to, Sepulveda promising payment in full to Plaintiff without intention of full payment being made, even after Plaintiff had a demand letter forwarded to Defendant through counsel

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

23. Plaintiffs incorporate the allegations set forth on paragraph 1 through 22 above by reference.

24. Plaintiff and Defendant entered into the Agreement on or about October 30, 2023.

25. Pursuant to the Terms of the Agreement, Plaintiff agreed to provide Defendant with 15,000 printed tickets for the Baseball Events, lunch meals at the four La Casa del mofongo restaurants in New York and New Jersey, and radio and television publicity in New York, on La Mega, Amor, Telemicro and online web publicity, in consideration of Defendant paying to Plaintiff the total sum of $838,000 plus statutory interest.

26. Plaintiff complied with all of its obligations pursuant to the terms of the Agreement.

27. Defendants breached the terms of the Agreements by refusing, neglecting, or otherwise failing to pay Plaintiff for any of the goods and services provided to Defendant by Plaintiff.

28. As a result of Defendant's breach, Plaintiff has been damaged in an amount to be determined after trial, but in no event less than $838,000, plus statutory interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

29. Plaintiff incorporates the allegations set forth in paragraph 1 through 28 above by reference.

30. In the event it is determined that no enforceable contract exists between Plaintiff and any of the Defendants, Plaintiff pleads in the alternative that Plaintiff is entitled to the sum of $838,000 under a cause of action for unjust enrichment.

31. Defendant has been unjustly enriched at the expense of and to the detriment of Plaintiff, by receiving Plaintiff's goods and services, and failing or refusing to pay for those goods and services.

32. Plaintiff did not receive full sum due to them in connection with the tickets for the Baseball Events, lunch meals, or radio and television publicity, with the sum of $838,000 remaining due and outstanding.

33. As a direct and proximate result of Defendants' wrongful actions, Plaintiff is entitled to recover the value of the tickets for the Baseball Events, lunch meals, and radio and television publicity in an amount to be determined after trial, but in no event less than $838,000 plus statutory interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

34. Plaintiff incorporates the allegations set forth in paragraph 1 through 33 above by reference.

35. Implicit in every contract is an implied covenant of good faith and fair dealing.

36. The Agreement contained a pledge that neither party to Agreement would do anything that would have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the Agreement did not explicitly prohibit such conduct.

37. Defendant breached the implied covenant of good faith and fair dealing, when Sepulveda took actions to impair Plaintiff's right to recover compensation due and owing to them pursuant to the terms of the Agreement, including but not limited to promising full payment to Plaintiff without intention of full payment being made, even after Plaintiff had a demand letter forwarded to Defendant through counsel.

38. As a direct and proximate result of Defendants' wrongful actions, Plaintiff is entitled to recover the value of the tickets for the Baseball Events, lunch meals, and radio and television publicity in an amount to be determined after trial, but in no event less than $838,000 plus statutory interest.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) On the First Cause of Action as against the Defendant judgment in an amount to be determined after trial, but in no event less than $800,000 plus statutory interest thereon; and

(b) On the Second Cause of Action as against the Defendant judgment in an amount to be determined after trial, but in no event less than $800,000 plus statutory interest thereon; and,

(c) On the Third Cause of Action as against the Defendant judgment in an amount to be determined after trial, but in no event less than $800,000 plus statutory interest thereon; and

(d) For such other and further relief that the Court deems just and proper.

Dated: Garden City, New York
April 4, 2025

THE SIEGEL LAW FIRM, P.C.

By:________________________
BRADLEY R. SIEGEL, ESQ.

Attorney for the Plaintiff
591 Stewart Avenue, Suite 550
Garden City, New York 11530
(516) 558-7559